# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEVEN CLINTON, | 1:06-cv-00879-OWW-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| SEUSSBERRY, M.D., et. al., | (Doc. 8) |
| Defendants. | |

## I. SCREENING ORDER

Michael Steven Clinton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on July 11, 2006 and his amended complaint on August 3, 2006 (before his original complaint had been screened by the Court).

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B. Summary of Plaintiff's First Amended Complaint

Plaintiff is a state prisoner currently incarcerated by the California Department of Corrections at Kern Valley State Prison, Delano, California ("KVSP"), alleging constitutional violations for deliberate indifference to his serious medical needs while incarcerated at Pleasant Valley State Prison, Coalinga, California ("PVSP"). Plaintiff names Doctors Seussberry, M.D., Nicholes, M.D., Ortiz, M.D., Malan D.D.S., and J.W. Colton, CMO, M.D. as defendants.

Plaintiff alleges that while incarcerated at PVSP, he was stabbed twice, sustaining a broken jaw. As a result, his jaw was wired shut. Instead of being housed in the central infirmary until the wiring was removed from his jaw, he was returned to the Administrative Segregation Unit ("Ad Seg"). While in Ad Seg with his jaw wired shut, plaintiff began to vomit. Plaintiff had no access to wire cutters, and so used a state issued spoon to rip and tear at his wire fixated jaw so as to expel the trapped vomit. After the incident, plaintiff was told to "sign up for standard sick call...[w]hich takes weeks." Plaintiff alleges that five doctors had to have signed his release from the central infirmary to release him from the infirmary to Ad Seg, and that to do so while his jaw was wired shut, constituted deliberate indifference to his serious medical needs. Plaintiff seeks monetary damages.

**C.     Pleading Requirements**

  **1.** *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  **2.** *Federal Rule of Civil Procedure 18*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of

morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he choses to file a second amended complaint, and fails to comply with Rule 18(a) the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff fails to delineate which acts, by which defendants, he feels support his captioned claims. The Court provides plaintiff with the following law that may fit his generalized claims. However, it is the duty of the plaintiff to state what his claims for relief are. The Court will not guess which facts may relate to plaintiff's various constitutional claims in this action. Plaintiff may be able to state cognizable claims and will be given opportunity to file a second amended

complaint. Plaintiff is cautioned that in his second amended complaint, he must clearly identify what actions or omissions led to the violation of his rights and which defendants were responsible for the acts or omissions.

### D. Claims for Relief

#### 1. *Saftey/Failure to Protect*

Plaintiff lists "Deliberate Indifference to Welfare and Safety" in the caption of his first amended complaint.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prison must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

The Ninth Circuit has held that placing a pre-operative transsexual, who acts and dresses effeminately, in the prison's general population evidenced of deliberate indifference to an inmate's safety. Farmer, 511 U.S. at 848-49; cf. Redman v. County of San Diego, 942 F.2 1435, 1444-45 (9th Cir. 1991)(en banc)(concluding that placing a young pre-trial detainee in a cell with a known aggressive sexual offender was deliberate indifference to the detainee's safety). Allegations that a defendant placed an "R-suffix" (indicating inmate is a sexual offender) in an inmate's file, knowing that the inmate would be stabbed if he was subsequently placed into the general population are sufficient to show that the defendant had knowledge of a risk to plaintiff's

safety. See Knight v. Runnels No. CIV S-07-0751-FCD-CMK-P (E.D. Cal. Filed Aug. 20, 2007). The Ninth Circuit has also held that allegations that prison officials called a prisoner a "snitch" in the presence of other inmates were sufficient to state a claim of deliberate indifference to an inmate's safety. See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989). But see Morgan v. MacDonald 41 F.3d 1291, 1293-94 (9th Cir. 1994)(rejecting Eighth Amendment claim where prisoner who had been labeled a snitch had not been retaliated against).

Plaintiff fails to state a claim as he did not state which defendants he feels were deliberately indifferent to his safety and/or failed to protect him.

### 2. *Cruel & Unusual Punishment*

Plaintiff lists "Cruel and Unusual Punishment" in the caption of his first amended complaint.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). With respect to excessive force claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff fails to state a claim as he did not state which defendants he feels inflicted, nor

does he state the acts that he feels constituted, cruel and unusual punishment.

### 3. *Deliberate Indifference to Serious Medical Needs*

Plaintiff does not list deliberate indifference to his serious medical needs anywhere in his first amended complaint. However, the Court provides plaintiff with this standard, as all of the named defendants are medical providers, and the majority of the facts stated relate to medical issues.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations do not support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Plaintiff's claim, fails to state any facts as to the medical care that he questions, and fails to state the names of the actual individuals who provided him with such care. Plaintiff has failed to sufficiently state a claim which rises to the level of an Eighth Amendment violation. Plaintiff is reminded that mere medical negligence is insufficient to state a claim under section 1983.

Plaintiff is cautioned that in his second amended complaint, he must clearly identify what actions or omissions led to the violation of his rights and which defendants were responsible for the acts or omissions.

## II. CONCLUSION

For the reasons set forth above, plaintiff's first amended complaint is dismissed, with leave to file a second amended complaint within thirty days. If plaintiff needs an extension of time to comply with this order, plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his second amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as the plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself, without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original, and all prior pleadings, no longer serve any function in the case. Therefore, in all amended complaints, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff must file a second amended complaint curing the deficiencies identified by the court in this order; and

4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 8, 2008**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE