MDR

1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    Michael Steven Clinton,              )    No. 1:06-CV-00879-SMM
                                           )
10              Plaintiff,                 )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12   Seusberry, et al.,                    )
                                           )
13              Defendants.                )
     _____)

14

15          Plaintiff Michael Steven Clinton, who is confined in the Richard J. Donovan

16   Correctional Facility in San Diego, Califonia, filed a *pro se* civil rights Complaint pursuant

17   to 42 U.S.C. § 1983.  Before the Court screened the Complaint, Plaintiff filed an Amended

18   Complaint.  Magistrate Judge Gary S. Austin issued an Order (Doc. #12) dismissing the

19   Amended Complaint for failure to state a claim and providing Plaintiff an opportunity to file

20   a second amended complaint that cured the deficiencies identified in the Order.

21          Plaintiff filed a Second Amended Complaint (Doc. #19).  This case was reassigned

22   to the undersigned judge on November 25, 2008.  The Court will dismiss the Second

23   Amended Complaint with leave to amend.

24   **I.     Statutory Screening of Prisoner Complaints**

25          The Court is required to screen complaints brought by prisoners seeking relief against

26   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

27   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

**JDDL-K**   28

1  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

2  be granted, or that seek monetary relief from a defendant who is immune from such relief.

3  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

4  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

5  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

6  (*en banc*).

7       The Court should not, however, advise the litigant how to cure the defects.  This type

8  of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

9  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

10  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Second

11  Amended Complaint will be dismissed for failure to state a claim, with leave to amend

12  because the Second Amended Complaint may possibly be saved by amendment.

13  **II.    Second Amended Complaint**

14       Plaintiff has asserted federal claims under 42 U.S.C. § 1983 and has invoked the

15  Court's supplemental jurisdiction under 28 U.S.C. § 1367.

16       In his Second Amended Complaint, Plaintiff sues Defendants Pleasant Valley State

17  Prison Associate Warden Doe One; Doctors Colton, Suesberry, Nicholes, Ortiz, and Malan;

18  medical staff members Does Two through Six; and Corrections Sergeant Doe Seven.

19  Plaintiff  also sues Defendant Doe Eight, who is "in the business of selling or distributing a

20  component, or components integrated in the interdental fixation device used by Defendant

21  Suesberry to effectuate the closed reduction of Plaintiff's mandible," and Defendant Doe

22  Nine, the manufacturer of the device.

23       Plaintiff alleges that his mandible was broken and, while Plaintiff was hospitalized,

24  Defendant Suesberry installed in Plaintiff's mouth a defective interdental fixation device that

25  was manufactured, distributed, or sold by Defendant Doe Nine, and which integrated a

26  defective component or components sold or distributed by Defendant Doe Eight.   Plaintiff

27  alleges that Defendants Suesberry, Ortiz, Nicholes, Doe Two, and Doe Three failed to warn

28  Plaintiff of the risks associated with the device.

JDDL-K                                              - 2 -

1   Plaintiff contends that, when he was returned to the administrative segregation unit,

2   Defendants Doe Four, Five, and Six, who were health care supervisors in the administrative

3   segregation unit, for several days did not "ensure that they . . . and their subordinates" knew

4   that Plaintiff was in administrative segregation with his mouth wired shut.  Plaintiff next

5   asserts that a component of the device became detached while he slept, and Plaintiff

6   swallowed it and began choking and vomiting.  Plaintiff alleges that he was unable to open

7   his mouth due to the presence of the device, but ultimately forced his mouth open with a

8   spoon, expelled the vomit, and summoned Defendant Doe Seven.  Plaintiff asserts that

9   Defendant Doe Seven refused to summon medical attention and, several days later, Plaintiff

10  removed the device from his mouth.  Plaintiff claims he was seen by Defendant Malan

11  regarding Plaintiff's removal of the device, but Defendant Malan provided no care.  Plaintiff

12  asserts that no other device was inserted and, therefore, his mandible healed improperly.

13  In addition, Plaintiff asserts that Defendant Colton is the chief medical officer at the

14  prison, was responsible for ensuring that medical procedures and precautions were in place

15  to avoid the possibility that a prisoner would suffer what Plaintiff suffered, but that

16  Defendant Colton failed to carry out that responsibility.  Plaintiff claims that Defendant Doe

17  One was Defendant Colton's supervisor and failed to ensure that Defendant Colton carried

18  out his responsibility.

19  Plaintiff claims Defendants Doe Eight and Nine's conduct was tortious, and that

20  Defendants Suesberry, Nicholes, Ortiz, Malan, and Does One through Seven violated

21  Plaintiff's rights under the United States Constitution.[1]

22  Plaintiff seeks compensatory, punitive, and nominal damages; declaratory relief; and

23  a jury trial.

24  **III.    Dismissal of Federal Claim**

25  Section 1983 provides a cause of action against persons acting under color of state law

26  who have violated rights guaranteed by the United States Constitution and federal law.  42

27

28

---

[1]Plaintiff does not allege that Defendant Clinton's conduct violated the Constitution.

1   U.S.C. § 1983; <u>see</u> <u>also</u> <u>Buckley v. City of Redding</u>, 66 F.3d 188, 190 (9th Cir. 1995).

2   Although Plaintiff contends that some of Defendants violated his rights under the

3   Constitution, he has failed to identify which rights he believes were violated.  However,

4   because of his liberal use of the phrase "deliberate indifference," the Court presumes that

5   Plaintiff is asserting a claim for a violation of the Eighth Amendment prohibition against

6   cruel and unusual punishment, as it relates to his medical care.

7       Not every claim by a prisoner that he has received inadequate medical treatment states

8   a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show

9   that the defendants acted with "deliberate indifference to serious medical needs."  <u>Jett v.</u>

10  <u>Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104

11  (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure

12  to treat the condition could result in further significant injury or the unnecessary and wanton

13  infliction of pain and (2) the defendant's response was deliberately indifferent.  <u>Jett</u>, 439 F.3d

14  at 1096 (quotations omitted).

15      To act with deliberate indifference, a prison official must both know of and disregard

16  an excessive risk to inmate health; the official must both be aware of facts from which the

17  inference could be drawn that a substantial risk of serious harm exists and he must also draw

18  the inference.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  Deliberate indifference in the

19  medical context may be shown by a purposeful act or failure to respond to a prisoner's pain

20  or possible medical need and harm caused by the indifference.  <u>Jett</u>, 439 F.3d at 1096.

21  Deliberate indifference may also be shown when a prison official intentionally denies,

22  delays, or interferes with medical treatment or by the way prison doctors respond to the

23  prisoner's medical needs.  <u>Estelle</u>, 429 U.S. at 104-05; <u>Jett</u>, 439 F.3d at 1096.

24      Deliberate indifference is a higher standard than negligence or lack of ordinary due

25  care for the prisoner's safety.  <u>Farmer</u>, 511 U.S. at 835.  "Neither negligence nor gross

26  negligence will constitute deliberate indifference."  <u>Clement v. California Dep't of</u>

27  <u>Corrections</u>, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); <u>see also</u> <u>Broughton v. Cutter</u>

28  <u>Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

1  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does

2  not amount to deliberate indifference to [a plaintiff's] serious medical needs."  <u>Sanchez v.</u>

3  <u>Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is

4  insufficient to state a claim against prison officials for deliberate indifference.  <u>See</u> <u>Shapley</u>

5  <u>v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference

6  must be substantial.  The action must rise to a level of "unnecessary and wanton infliction

7  of pain."  <u>Estelle</u>, 429 U.S. at 105-06.

8       Although Plaintiff *states* that each Defendant (with the exception of Defendants Doe

9  Seven, Eight, and Nine), acted with deliberate indifference, Plaintiff has failed to *show* that

10  the Defendants' conduct rises to the level of deliberate indifference.  The conduct he alleges

11  is nothing more than negligence.  In addition, Plaintiff does not even *state* that Defendant

12  Doe Seven, the Defendant who refused to summon medical attention, acted with deliberate

13  indifference.  Therefore, the Court will dismiss Plaintiff's federal claim against Defendants

14  Colton, Suesberry, Nicholes, Ortiz, Malan, and Does One through Seven.

15  **IV.**  **Dismissal of Supplemental Jurisdiction State Law Claim**

16       Because the Court is dismissing Plaintiff's federal claim, the Court will decline to

17  exercise supplemental jurisdiction over the remaining state law claim and will dismiss the

18  tort claim against Defendants Doe Eight and Nine, without prejudice.  <u>See</u> <u>Gini v. Las Vegas</u>

19  <u>Metro. Police Dep't</u>, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are

20  eliminated before trial, the court generally should decline jurisdiction over state law claims

21  and dismiss them without prejudice).

22  **V.**  **Leave to Amend**

23       For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed

24  for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

25  submit a third amended complaint on the form provided with this Order.  If Plaintiff fails to

26  use the form provided with this Order, the Court may strike the third amended complaint and

27  dismiss this action without further notice to Plaintiff.

28

JDDL-K

- 5 -

1   Plaintiff must clearly designate on the face of the document that it is the "Third

2   Amended Complaint."  The third amended complaint must be retyped or rewritten in its

3   entirety on the form provided with this Order and may not incorporate any part of the original

4   complaint or prior amended complaints by reference.

5   Plaintiff must comply with the instructions provided with the form.  Plaintiff should

6   pay close attention to the instructions provided with the form.  If Plaintiff fails to comply

7   with the instructions provided with the form, the Court may strike the third amended

8   complaint and dismiss this action without further notice to Plaintiff.

9   Among other requirements contained in the instructions, Plaintiff is advised that the

10  instructions require him to provide information regarding the Court's jurisdiction, provide

11  information about the defendants, and divide his lawsuit into separate counts.  In each count,

12  Plaintiff must identify what federal constitutional civil right was violated, identify the issue

13  most closely involved in that count, state which defendants violated that right and what those

14  defendants did to violate that right, explain how Plaintiff was injured by the alleged violation

15  of the constitutional right, and identify whether Plaintiff has exhausted any available

16  administrative remedies.  Plaintiff must repeat this process for each civil right that was

17  violated.  Plaintiff may allege only one claim per count.

18  A third amended complaint supersedes the original complaint and all prior amended

19  complaints.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.

20  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will

21  treat an original complaint and all prior amended complaints as nonexistent.  Ferdik, 963

22  F.2d at 1262.  Any cause of action that was raised in the original complaint or in any prior

23  amended complaint is waived if it is not raised in a third amended complaint.  King v.

24  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

25  **VI.    Warnings**

26      **A.    Address Changes**

27  Plaintiff must file and serve a notice of a change of address in accordance with Rule

28  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible "Strike"**

Because the Second Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Second Amended Complaint (Doc. #19) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

1      (3)      The Clerk of Court must include with this Order a copy of this judge's required

2    form for filing a civil rights complaint by a prisoner.

3      DATED this 6th day of January, 2009.

4

5

6                                                Stephen M. McNamee
                                                 United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28